**MUSICK, PEELER & GARRETT LLP**
225 Broadway, Suite 1900
San Diego, California 92101-5028
Telephone (619) 525-2500
Facsimile (619) 231-1234

Whit Bivens (State Bar No. 190727)
 *w.bivens@musickpeeler.com*

**MUSICK, PEELER & GARRETT LLP**
624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone (213) 629-7600
Facsimile (213) 624-1376

Peter J. Diedrich (State Bar No. 101649)
 *p.diedrich@musickpeeler.com*

Attorneys for Plaintiff MacSports, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MACSPORTS, INC., <br><br>       Plaintiff, <br><br>   vs. <br><br> CMT (U.S.A.) INDUSTRIAL, INC., and DOES 1-10, inclusive, <br><br>       Defendants. | CASE No. 2:19-cv-03555-CBM-MAA <br><br> The Hon. Consuelo B. Marshall <br><br> ORDER RE STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION [40] [JS-6] |

## **STIPULATION**

Plaintiff MacSports Inc. ("MacSports"), and Defendant CMT (U.S.A.) Industrial, Inc. ("CMT") (collectively, the "Parties"), jointly stipulate as follows:

WHEREAS, MacSports filed suit against CMT alleging claims for multiple causes of action based on or relating to, among other things, CMT's alleged use of MacSports' Universal Product Code ("UPC") company prefix licensed from GS1 US (hereinafter the "Lawsuit");

WHEREAS, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, 15 U.S.C. § 1121 and the principles of pendant jurisdiction;

WHEREAS, venue in this district is proper pursuant to 28 U.S.C. § 1391(b). Service was properly made against CMT and it does not contest service or jurisdiction;

WHEREAS, the Parties entered into a settlement agreement as of January 26, 2021 ("Settlement Agreement"), which requires entry of the stipulated judgment set forth herein;

WHEREAS, in the interests of resolving this dispute, the Parties consent to the entry of judgment as follows:

1. That judgment be entered in favor of MacSports against CMT on all claims.

2. For the purposes of binding preclusive effect on CMT as to future disputes with respect to the Lawsuit or Settlement Agreement between CMT and MacSports, CMT admits the following:

   a. MacSports is now, and has been at all times since the date of issuance, the owner or exclusive licensee of MacSports' Universal Product Code ("UPC") company prefix (both with and without the preceding zero (0) and of all rights thereto and thereunder as well as the owner or exclusive licensee of the Amazon Standard Identification Numbers associated with MacSports' products (collectively, the "MacSports IP").

   b. CMT, by its actions described in the Complaint, has committed trademark infringement and false designation of origin in association with its use of the MacSports IP and derivations thereof.

4. CMT, and those in active concert with it, including its agents, servants, employees, officers, directors, shareholders, attorneys, independent contractors and partners are permanently enjoined in the United States from using any MacSports IP

and from encouraging or assisting any third party to do the same (collectively, the "Injunction").

5. CMT is bound by the Injunction regardless of whether MacSports assigns or licenses its MacSports IP to another for so long as such intellectual property rights are subsisting. The Injunction inures to the benefit of MacSports' successors, assignees, and licensees.

6. For damages, costs and fees incurred by MacSports for CMT's trademark infringement and false designation of origin and in association with CMT's unauthorized use of the MacSports IP, CMT agrees to pay One Hundred Thousand Dollars and Zero Cents ($100,000.00) (the "Money Judgment") to MacSports in six installments of $16,666.67. CMT shall make the first payment within five (5) business days after the Effective Date of the Settlement Agreement. CMT shall make the remaining five (5) payments no later than the 15th day of each month beginning in February of 2021. Payment of the Money Judgment is to be made by wire transfer as detailed in the Settlement Agreement.

7. This Court shall retain jurisdiction to enforce this stipulated judgment and Injunction by way of contempt or otherwise.

8. The Parties waive any rights to appeal this stipulated judgment, including without limitation the Injunction.

9. This document shall be deemed to have been served upon CMT at the time of its execution by the Court.

SO ORDERED, this day: JUNE 30, 2021

HON. CONSUELO B. MARSHALL
United States District Judge

SO STIPULATED AND RESPECTFULLY SUBMITTED:

DATED: February 24, 2021            MUSICK, PEELER & GARRETT LLP


By:    /s/ Whit Bivens
       Whit Bivens
       Attorneys for Plaintiff MacSports, Inc.


DATED: February 24, 2021            WANG IP LAW GROUP, P.C.


By:    /s/ Tommy SF Wang
       Tommy SF Wang*
       Attorneys for Defendant CMT (U.S.A.)
       Industrial, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2021, a copy of the foregoing was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


       /s/Debra Esparza
       Debra Esparza

MUSICK, PEELER & GARRETT LLP

1277193.1

4

Case No. 2:19-cv-03555-CBM-MAA

ORDER RE STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION